943 F.2d 52
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Doris M. LUKSIC, Plaintiff-Appellant,
v.
TENNESSEE VALLEY AUTHORITY, Defendant-Appellee.
 No. 91-5124.
 United States Court of Appeals, Sixth Circuit.
 Sept. 5, 1991.
As Amended Oct. 4, 1991.
 
 Before KENNEDY and MILBURN, Circuit Judges, and WILHOIT, District Judge.*
 PER CURIAM:
 
 
 1
 Plaintiff appeals from the District Court's dismissal of his action against the Tennessee Valley Authority ("TVA") seeking damages for emotional distress pursuant to an order issued by the United States Department of Labor. For the following reasons, we AFFIRM.
 
 
 2
 On July 3, 1989, plaintiff filed a complaint with the Wage and Hour Division of the United States Department of Labor ("W & H") against TVA pursuant to the Energy Reorganization Act of 1974, 42 U.S.C. § 5851. The W & H found in favor of plaintiff and rendered a decision stating its findings of fact and remedies. The decision granted, inter alia, the following relief to plaintiff:
 
 
 3
 Pay to her a sum equal to the aggregate amount of all costs and expenses (including physician's and attorney's fees) reasonably incurred, as determined by the Secretary of Labor, by the [plaintiff] for or in connection with the bringing of the complaint upon which this order is issued.
 
 
 4
 Joint App. at 28. The decision further noted that either party could appeal the order's findings and remedies within five days from receipt of the order. Neither party appealed from this decision; thus, it became the final order of the Secretary of Labor by operation of law. Attempting to comply with this order, TVA sent plaintiff a check for her attorney's fees and medical expenses based on figures provided by plaintiff.
 
 
 5
 On March 5, 1990, plaintiff filed this action in District Court alleging that TVA had not complied with the Secretary's order. Plaintiff alleged that the order required TVA to pay her "compensation" in the amount of $750,000 for emotional distress she suffered as a result of TVA's acts. Id. at 8 (Complaint para. 10). Plaintiff did not contend that this figure represented actual medical costs or expenses incurred by her, but rather it represented relief in the form of compensatory damages.
 
 
 6
 On May 15, 1990, TVA moved to dismiss this action. Plaintiff filed no response to this motion,[1] and the District Court granted TVA's motion. Id. at 31. Plaintiff then filed a motion to alter or amend the order of the District Court alleging that the court committed three errors: rejecting plaintiff's contention that the phrase "costs and expenses" included compensation and/or compensatory damages, id. at 36 (para. 1); concluding that the order made no finding as to plaintiff's emotional distress or injuries, id. at 37 (para. 1); and holding that TVA fully complied with the Secretary's order, id. (para. 2). The District Court denied this motion. This appeal followed.
 
 
 7
 Plaintiff argues on appeal that the Secretary's order entitles her to compensatory damages for emotional distress. The District Court disagreed. We believe the District Court was correct in doing so. Initially, we note that section 5851(b)(2)(B) does not mandate the award of compensatory damages; rather, it states that the Secretary "may order ... compensatory damages to the complainant." Given the discretionary nature of this relief, we must determine whether the Secretary's order granted compensatory damages to plaintiff.
 
 
 8
 The order provides that plaintiff may recover for "all costs and expenses (including physician's and attorney's fees) reasonably incurred....." Id. at 28. The plain meaning of the words "costs and expenses" as well as the context in which they are used indicates that the relief granted was for actual medical costs and expenses incurred by plaintiff, not compensatory damages for any physical or mental injuries. Plaintiff's argument is therefore without merit.
 
 
 9
 Plaintiff raises several other issues for the first time on appeal. It would be improper for us to review issues not addressed in the court below. Berlin v. Michigan Bell Tel. Co., 858 F.2d 1154 (6th Cir.1988). Accordingly, we decline to consider these issues.
 
 
 10
 For these reasons, the decision of the District Court is AFFIRMED.
 
 
 
 *
 Honorable Henry R. Wilhoit, Jr., Judge of the U.S. District Court for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 Eastern District of Tennessee Local Rule 10.1 requires that a plaintiff file a response to a motion to dismiss within 10 days of service of process or make a timely request for additional time. Plaintiff did not take either course of action